IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAVANCE DAVENPORT, No. 08443-033, | ) ) ) |
| Petitioner, | ) ) |
| vs. | CIVIL NO. 11-cv-539-DRH ) ) |
| WENDY J. ROAL, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on petitioner's application for writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the revocation of good conduct credits. According to the petition, he was found guilty of several violations, and lost a total of 98 days of good conduct time (Doc. 1, p. 2). Petitioner is currently serving a 120-month sentence after he pled guilty in December 2010 to conspiracy to possess and distribute crack cocaine, and distribution of crack cocaine. *United States v. Davenport*, Case No. 09-cr-30-TBR-1 (W.D. Ky.). In this action, he seeks restoration of his good conduct credit, expungement of the disciplinary tickets, and restoration of his lower-level security placement.

Soon after filing the instant petition, petitioner filed a motion to amend it

(Doc. 7), but failed to comply with Local Rule 15.1.  On December 28, 2011, this Court denied the motion, but granted petitioner leave to submit an amended petition by January 27, 2012 (Doc. 13).  Petitioner never submitted an amended petition, therefore, the Court shall review his original petition (Doc. 1).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. R. 4 (2010).  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* R. 1(b).  After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

**Background**

Although petitioner mentions that he was found guilty of several different violations which led to the loss of good conduct time, his description of events gives a fairly coherent picture of only one of those violations: possession of a cell phone while incarcerated.  He did not attach copies of any incident reports or administrative appeals, though he does refer to the incident report by number (Doc. 1, p. 2).  The cell phone incident occurred in June 2005, while petitioner was incarcerated in FCI Memphis, Tennessee (Doc. 1, p. 1).  A review of the docket sheets for petitioner's three federal criminal cases reveals that in June

2005, petitioner was incarcerated for a different offense from the one for which he is currently in prison.[1]

In his first conviction, petitioner pled guilty in the Western District of Kentucky to distribution of cocaine base (crack), and was sentenced on January 23, 2004, to 70 months (Doc. 30 in *United States v. Davenport* ("*Davenport I*"), Case No. 03-cr-21 (W.D. Ky.)). Later, due to changes in the crack cocaine sentencing guidelines, petitioner's sentence was reduced to 60 months (Doc. 44 in *Davenport I*, Case No. 03-cr-21 (W.D. Ky. May 19, 2008)).

Petitioner's second federal conviction resulted from a charge in the Western District of Tennessee of the misdemeanor offense of possession of contraband (a cell phone) in prison (*United States v. Davenport* ("*Davenport II*"), Case No. 06-cr-20112-BBD-1 (W.D. Tenn.)). That offense took place on June 20, 2005, while petitioner was serving his sentence on *Davenport I*. Therefore, the Court concludes that the incident giving rise to this criminal charge must be the same one that resulted in the lost good conduct credits. Petitioner pled guilty to the contraband charge, and was sentenced on August 14, 2006, to time served.

Petitioner was eventually released after serving the required time on his 60

---

[1] Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). The Court has consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) in order to determine Petitioner's criminal history. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

month sentence in *Davenport I*, a fact he acknowledges in his habeas petition (Doc. 1, p. 2). While he was serving his eight years of supervised release on that conviction, he was indicted and later pled guilty to conspiracy to possess and distribute crack cocaine, and distribution of crack cocaine. He was sentenced on December 21, 2010, to 120 months on that conviction (Doc. 50, *United States v. Davenport* ("*Davenport III*"), Case No. 09-cr-30-TBR-1 (W.D. Ky.)). In addition, the court revoked petitioner's supervised release in *Davenport I* and sentenced him to serve 18 months, consecutive to the 120-month sentence in *Davenport III* (Doc. 50, *Davenport I*, Case No. 03-cr-21 (W.D. Ky. March 30, 2011)). It is these sentences that petitioner is now serving.

**<u>Analysis</u>**

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-72; s*ee also Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and

(4) a written statement of the reasons for the action taken against the prisoner. *Wolff*, 418 U.S. at 563-69; *see also Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).  The Supreme Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by *some* evidence in the record.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).  However, in reviewing the sufficiency of the evidence, the Seventh Circuit has instructed that lower courts are to apply a lenient standard when determining "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (emphasis in original).

Petitioner claims that he was denied due process during the adjudication of the incident report over the cell phone, and asserts he is actually innocent of the conduct violations.  He does not mention any irregularities in his initial disciplinary hearing and appeal to the regional level.  However, after he appealed, the matter was remanded back to the Disciplinary Hearing Officer ("DHO") for further consideration of the evidence (Doc. 1, p. 3).  At that point, he states the DHO "altered the code violation without allowing notice to be given," but he does not explain the nature of this alteration (Doc. 1, p. 4).  Further, he claims that after the remand, the DHO did not allow him to call any witnesses, present evidence, or have a staff representative.  Finally, petitioner asserts that the DHO's conclusions were not supported by sufficient evidence, because they relied only on the incident report.

First, the incident report alone would meet the requirement of "some evidence" to support a finding of guilt in a disciplinary hearing. *See Hill*, 472 U.S. at 455; *Webb*, 224 F.3d at 652. Moreover, the fact that petitioner pled guilty in federal court (in *Davenport II*) to the offense of possessing the cell phone in prison provides ample evidence that he was guilty of the conduct violation, as well as undermines his claim of actual innocence.

As to the claim that the DHO on remand altered the code violation without notice, the Seventh Circuit has stated that in order to satisfy due process requirements, the notice "should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995) (construing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). The purpose of the advance notice requirement is to permit the accused inmate to gather the relevant facts in order to prepare his defense to the charge. *Wolff*, 418 U.S. at 564; *Whitford*, 63 F.3d at 534. Where the advance notice has sufficiently identified the facts underlying the charge so as to give the inmate all the information he would need to defend himself, due process requirements have been satisfied. *See Northern v. Hanks*, 326 F.3d 909, 910-11 (7th Cir. 2003); *Kalwasinski v. Morse*, 201 F.3d 103, 108 (2nd Cir. 1999). In *Northern*, the inmate was charged with conspiracy and bribery for his involvement in a tobacco smuggling operation with two other inmates and a guard. After he appealed the hearing board's finding of guilt, the reviewing authority upheld his punishment, but modified the charge to attempted trafficking. The Seventh Circuit rejected the

inmate's argument that his due process rights were violated by the failure to give him advance notice that he might be charged with trafficking, finding that the notice and investigation report gave him all the information he would need to defend against a trafficking charge. *Northern*, 326 F.3d at 911.

In the instant case, petitioner has not claimed that the failure to give him notice of the altered charge in any way deprived him of his ability to respond to the charge or prepare a defense. Thus, the alleged lack of notice does not amount to a due process violation.

Additionally, petitioner does not claim that he was denied the opportunity to call witnesses, present evidence, or obtain staff representation in the original disciplinary hearing, but only raises these issues in the context of the remand. Petitioner states that the purpose of the remand was for the DHO to give "further consideration [to] the evidence," not to take new evidence (Doc. 1, p. 3). If no new evidence was to be considered, petitioner could not expect to be allowed to call witnesses or present new matters. Thus, there was no due process violation. *See, e.g., Wells v. Johnson*, No. 91 C 987, 1993 WL 79268, at *2-3 (N.D. Ill. March 16, 1993) (where inmate was given the opportunity to present his evidence at a disciplinary hearing, due process was not violated where the hearing is then postponed and later reconvened without the inmate being present). Finally, the *Wolff* due process requirements do not include a guarantee of staff representation.

In sum, petitioner's allegations do not establish any due process violation in connection with the disciplinary charge and loss of good conduct credit for

possession of the cell phone while incarcerated.

The only other disciplinary infraction described by petitioner is a charge of escape. However, his statement that this charge was "denied" indicates that he did not lose good conduct credits over that charge (Doc. 1, p. 2). Petitioner gives no further information on the escape charge or on any of the other charges which led to a loss of good time. Thus, the Court is unable to find any basis to consider those claims further.

## Disposition

Petitioner has failed to show that the process he received before losing good time credits was constitutionally inadequate. Therefore, the habeas petition does not survive review under Rule 4, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:** February 24, 2012

David R. Herndon
2012.02.24
11:21:13 -06'00'

**Chief Judge**
**United States District Court**